FILED

2010 FEB -9 PM 3: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
LOS ANGELES

BY____

**KRONENBERGER BURGOYNE, LLP**
Karl S. Kronenberger (Bar No. 226112)
Henry M. Burgoyne, III (Bar No. 203748)
Jeffrey M. Rosenfeld (Bar No. 222187)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KBInternetLaw.com
hank@KBInternetLaw.com
jeff@KBInternetLaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**1021018 ALBERTA LTD.**, a numbered Alberta, Canada corporation,

　　　　Plaintiff,

　　v.

**OPUS UNLIMITED, INC.**, a California corporation; **BLAKE CHRISTENSEN**, an individual, and **DOES 1-10**, inclusive,

　　　　Defendants.

CASE NO. CV10-976 GW (AGR)

**COMPLAINT**

**DEMAND FOR A JURY TRIAL**

BY FAX

Case No.　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**COMPLAINT**

## INTRODUCTION

1. Plaintiff operates a diverse line of e-commerce businesses.

2. Defendants provide merchant processing services to facilitate customer transactions for e-commerce businesses.

3. In June 2009 Plaintiff and Defendants entered into an agreement whereby Defendants agreed to process Plaintiff's customer transactions. In return, Plaintiff agreed to pay Defendants a small percentage of each transaction. Plaintiff also agreed to allow Defendants to keep an amount of total monthly processing in reserve for a period of months, to serve as security for potential charge reversals by consumers (*aka* "chargebacks").

4. From June through September, Defendants processed Plaintiff's customer transactions.

5. During this time, Defendants provided Plaintiff with merchant processing services, and Defendants withheld their percentage of the payments and the reserve percentage, before sending the remainder to Plaintiff.

6. In September 2009, Plaintiff stopped using Defendants to process its customer transactions. Plaintiff requested that Defendants send Plaintiff the remainder of Plaintiff's proceeds, along with Plaintiff's ten percent reserve.

7. Despite repeated efforts, Defendants have refused to return Plaintiff's proceeds and reserve. As time progressed, Defendants refused to respond to Plaintiff's inquiries, dropping all pretenses that they were not stealing Plaintiff's money.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. §1332 because the claims at issue are between the citizen of a foreign state on the one hand and the citizens of a U.S. State on the

other hand, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. To wit, Plaintiff is a numbered Alberta, Canada corporation and an Alberta, Canada resident. On information and belief, Defendant Opus Unlimited, Inc. ("Opus Unlimited") is a California corporation with its principal place of business in Calabasas, California. On information and belief, Defendant Blake Christensen is an individual residing in Los Angeles, California. The matter in controversy involves in excess of $499,678, which Defendants have unlawfully stolen from Plaintiff.

9. This Court has personal jurisdiction over Defendants because Defendants Opus Unlimited and Christensen reside and conduct business in the State of California. Moreover, Defendants processed transactions, on behalf of Plaintiff, for customers who reside in California.

10. Venue is proper in the Central District of California pursuant to 28 U.S.C §1391(b)(2) & (c), because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here, and because the Defendants are subject to personal jurisdiction in this District.

**PARTIES**

11. Plaintiff 1021018 Alberta Ltd. is a numbered Alberta, Canada corporation, with its principal place of business in Sherwood, Alberta, Canada.

12. Defendant Opus Unlimited, Inc. is an active Florida corporation, with its principal place of business in Calabasas, California.

13. On information and belief, Defendant Blake Christensen ("Christensen") is an individual residing in Los Angeles, California. Christensen is the founder and President of Opus Unlimited. On information and belief, Christensen oversees the day-to-day operations of Opus Unlimited and has the ultimate authority on any major action taken by Opus

1 Unlimited.

2 14. Plaintiff is uncertain of the true names and capacities of those defendants sued by the fictitious names Does 1 through 10, who also are responsible and liable for the injuries alleged in this Complaint and who proximately caused damage to Plaintiff.  Plaintiff will amend this complaint to add the true names and capacities of the Does when they become known.

15. Upon information and belief, at all times all Defendants were the principals, agents, and/or co-conspirators of each other, and each acted within the course, scope, and authority of such relationship so that, as a result, all Defendants are jointly and severally liable for the acts alleged herein.

## PLAINTIFF'S & DEFENDANTS' BUSINESSES

16. Plaintiff operates a diverse line of e-commerce businesses.

17. Plaintiff sells everything from credit related services, to teeth whitening products, to nutritional supplements.

18. All of Plaintiff's products and services are sold online, through Plaintiff's proprietary websites.

19. When a consumer decides to purchase one of Plaintiff's goods or services, and completes a transaction on one of Plaintiff's websites, the consumer's credit card is charged.

20. Plaintiff engages third parties ("Merchant Processors") to manage credit card transactions for Plaintiff's customers.  When a customer purchases one of Plaintiff's products or services, Plaintiff's Merchant Processors take the customer's information (e.g. credit card number) from Plaintiff's website, and communicate this information to the customer's credit card issuer.  If the credit card and transaction information are valid, the credit card issuer will charge the customer's credit card and credit the Merchant Processor with the amount of the sale.  If the credit card or

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

1 transaction information is invalid, the credit card issuer will decline the transaction. In either case, the information is communicated back to the Merchant Processor, and ultimately, the Merchant Processor transfers the funds from the valid sales to Plaintiff (after deducting its payment).

21. Defendants are Merchant Processors.

## THE AGREEMENT

22. In June 2009, Plaintiff and Defendants began negotiating a contract whereby Defendants would provide Merchant Processor services to Plaintiff. Defendant Christensen was the point person for these negotiations on behalf of Defendants.

23. After engaging in preliminary negotiations, Defendants had an application for Defendants' Merchant Processor Services sent to Plaintiff (the "Application").

24. This Application asked for Plaintiff's bank details, ecommerce websites, authorized contacts, and contained a confidentiality agreement and a payment rate sheet—which set forth the financial terms of the agreement. The Application also contained a document titled "Terms," which asked Plaintiff to certify that all of the provided information was true and correct, and that Plaintiff understood all of the enclosed materials.

25. On June 3, 2009 Plaintiff returned the executed Application to Defendants.

26. Later that day, Plaintiff expressed concerns to Defendants that some of the fee rates in the Application were too high, and that Plaintiff might be forced to use a different Merchant Processor.

27. In response, Defendants said they would lower some of the fee rates (e.g. the refund fee). Plaintiff asked Defendants to send an updated fee rate sheet. Defendants Blake and Opus Unlimited responded that they would provide Plaintiff with a new fee rate sheet.

KRONENBERGER BURGOYNE, LLP  
150 Post Street, Suite 520  
San Francisco, CA 94108  
www.KBInternetLaw.com

28. On June 5, 2009 Defendants had a new fee rate sheet sent to Plaintiff. This new fee rate sheet contained lower refund fees and risk management fees than in the original fee rate sheet.

29. Negotiations between Plaintiff and Defendants over the fee rates continued over the next few days.

30. On June 10, 2009, Defendants sent Plaintiff a new fee rate sheet. This new sheet presented lower discount rates, transaction fees, chargeback fees, and risk management fees than the prior sheet. The parties also agreed that Defendants would withhold an amount equal to ten percent of monthly transactions, for a period of six months, as security in the event a significant number of consumers reversed or otherwise challenged charges to their credit cards (*aka*, "chargebacks"). This ten percent reserve was to be returned to Plaintiff on a "rolling basis," in that each month Defendants would return the reserve amount that was collected six months earlier.

31. Plaintiff was satisfied with the rates of the June 10th fee rate sheet, and agreed to let Defendants process Plaintiff's transactions.

## DEFENDANTS' MISCONDUCT

32. From June through September, Defendants provided Merchant Processing services for several of Plaintiff's websites, under the fee structure set forth in the June 10, 2009 fee rate sheet.

33. On September 3, 2009 Plaintiff decided to shut down several of the accounts that Defendants processed for Plaintiff. As of this date, Defendants possessed $422,335.12 in unpaid proceeds due to Plaintiff as well as $77,343.07 in reserves. Thus, Plaintiff asked Defendants when Plaintiff could expect to receive the remainder of its proceeds.

34. Defendants didn't respond to Plaintiff's inquiries.

35. Between September 3 and September 29, Plaintiff made several

additional inquiries to Defendants, asking when Defendants would be sending Plaintiff the remainder of its proceeds (along with Plaintiff's reserve).

36. Again Defendants did not respond to Plaintiff's inquiries.

37. Finally, on October 1, Defendants replied and said that they would follow up regarding this issue. However, by October 8, Plaintiff had not heard anything from Defendants regarding the status of its proceeds, and again, Plaintiff made several inquiries to Defendants, asking where Plaintiff's money was.

38. Finally, on November 12, Defendants said they were prepared to return Plaintiff's money. However Defendants said that Plaintiff had to sign a new agreement before Defendants would return the proceeds or the reserve.

39. On November 15, Defendants sent Plaintiff an agreement for Plaintiff to sign.

40. This new agreement contained much higher fee rates than agreed upon between the parties in the June 10 fee rate sheet. As examples, in the new agreement the discount rate was 1.2% higher, the transaction fee was $0.45 higher, and the refund fee was $3.00 higher.

41. Thus, Plaintiff informed Defendants that this new agreement contained different and far less favorable terms than those agreed upon by the parties, and was thus unacceptable, particularly given that a valid agreement setting forth the correct fee rates was in place.

42. Over the next few days there were some additional communications between Plaintiff and Defendants. However, Defendants still refused to return Plaintiff's money.

43. Plaintiff made several subsequent inquiries to Defendants, asking about the status of Plaintiff's money. By this point, however,

Defendants simply stopped responding to Plaintiff's inquiries.

44. Plaintiff has yet to receive a cent of its remaining proceeds or reserve from Defendants.

## FIRST CAUSE OF ACTION
## CONVERSION AGAINST ALL DEFENDANTS

45. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 44 inclusive.

46. Plaintiff has the right to more than $422,335.12 from sales of Plaintiff's goods and services sold through Plaintiff's e-commerce websites. Additionally, Plaintiff has the right to more than $77,343.07 in reserves.

47. Plaintiff has the absolute and unconditional right to the immediate possession of this more than $499,678.19 in proceeds and reserves.

48. On multiple occasions, Plaintiff has demanded possession of these proceeds and reserves from Defendants.

49. Despite, Plaintiff's demands, Defendants have taken control and claimed ownership of this more than $499,678.19 in proceeds and reserves wrongfully and without authorization, and have refused to return them to Plaintiff.

50. Defendants have committed this misconduct willfully and wantonly with the specific intent to profit for their misconduct.

51. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray,

1. That the Court enter a judgment against Defendants that:
   a. All Defendants committed conversion in violation of California common law;

1  b. All Defendants committed civil embezzlement in violation of California common law.

2. That the Court order Defendant to pay Plaintiff's damages as follows:

    a. Compensatory damages;

    b. Punitive damages for Defendants' willful and wanton conduct.

    c. Costs and attorneys' fees.

3. That the Court grant to Plaintiffs such additional relief as is just and proper.

DATED: February 9, 2010    KRONENBERGER BURGOYNE, LLP

By: *Jeffrey M. Rosenfeld* (signature)

Jeffrey M. Rosenfeld

Attorneys for Plaintiff

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby demand a trial of this action by jury.

DATED: February 9, 2010          KRONENBERGER BURGOYNE, LLP

By: /s/ Jeffrey M. Rosenfeld

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

```
CV10- 976 GW (AGRx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Jeffrey M. Rosenfeld
KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| 1021018 ALBERTA LTD., a numbered Alberta, Canada corporation,<br><br>                                    PLAINTIFF(S)<br>                v.<br>OPUS UNLIMITED, INC., a California corporation; BLAKE CHRISTENSEN, an individual, and DOES 1-10, inclusive,<br><br>                                    DEFENDANT(S). | CASE NUMBER<br><br>CV10-976 (GW) (AGRx)<br><br>**SUMMONS** |
|---|---|

TO:     DEFENDANT(S): <u>OPUS UNLIMITED, INC., a California corporation; BLAKE CHRISTENSEN, an</u>
          <u>individual, and DOES 1-10, inclusive,</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Jeffrey M. Rosenfeld</u>, whose address is <u>Kronenberger Burgoyne, LLP, 150 Post Street, Suite 520, San Francisco, CA, 94108</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __2/9/10__         By: _____
                                         Deputy Clerk
                                         (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                  SUMMONS

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
1021018 ALBERTA LTD., a numbered Alberta, Canada corporation,

**DEFENDANTS**
OPUS UNLIMITED, INC., a California corporation; BLAKE CHRISTENSEN, an individual, and DOES 1-10, inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeffrey M. Rosenfeld, Kronenberger Burgoyne, LLP
150 Post Street, Suite 520, San Francisco, CA 94108
(415) 955-1155

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** — For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Conversion

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☒ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 160 Stockholders' Suits | | ☐ 443 Housing/Acco mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | **IMMIGRATION** | ☐ 446 American with Disabilities Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | | | | |
| | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: CV10-976

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV 71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

BY FAX

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Alberta, Canada (Plaintiff) |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County (Defendant Christensen) | Florida (Opus Unlimited) |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date February 9, 2010

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |